656 F.2d 1295
 26 Fair Empl.Prac.Cas. 824,
26 Empl. Prac. Dec. P 31,800,
8 Fed. R. Evid. Serv. 133
Lee DOSIER, Appellant and Cross-Appellee,
v.
MIAMI VALLEY BROADCASTING CORPORATION, d/b/a KTVU, Channel 2
Oakland, Dick Weise; Ray Jacobs; Bill Schwartz;
and O. J. Reiss, Appellees and Cross- Appellants.
 Nos. 79-4118, 79-4149.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 9, 1980.
Decided May 4, 1981.
As Amended Sept. 1, 1981.
Rehearing Denied Sept. 24, 1981.
 
 E. Garth Black, San Francisco, Cal., argued, for Miami Valley Broadcasting; Alan M. Reinke, E. Garth Black, Cooper, White & Cooper, San Francisco, Cal., on brief.
 Louis Highman, San Francisco, Cal., for Dosier.
 Appeal from the United States District Court for the Northern District of California.
 Before HUG and CANBY, Circuit Judges, and EAST, District Judge.*
 CANBY, Circuit Judge.
 
 
 1
 Appellant Lee Dosier sued appellee Miami Valley for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981. The district court granted summary judgment in favor of Miami Valley on all claims. The court denied Miami Valley's request for attorneys' fees. Dosier appealed, and Miami Valley cross-appealed on the attorneys' fees issue. We reverse the district court's decision on Dosier's claim of retaliation, brought under 42 U.S.C. § 2000e-3 and under § 1981. We also reverse the district court's decision on Dosier's § 1981 claim based on incidents occurring after December 16, 1976, and remand for further consideration of that claim. In all other respects, we affirm.
 
 FACTS
 
 2
 Dosier has been employed by Miami Valley as an artist since January 1971. On September 20, 1974, Dosier filed a charge with the Equal Employment Opportunity Commission, claiming that he was a victim of an atmosphere of racial harassment at Miami Valley. On December 13, 1974, he filed a second charge that he was being harassed in retaliation for filing the first charge. On March 11, 1976, the EEOC found that there was reasonable cause to believe Dosier's charges, and issued a notice that it would attempt to work out a settlement between Dosier and Miami Valley. On September 29, 1976, Dosier filed a third charge that he was denied a promotion because of his prior complaints. Dosier also filed charges based on these incidents with the California Fair Employment Practices Commission.
 
 
 3
 Dosier's complaints of discrimination at Miami Valley were not the only ones. On January 21, 1974, Larry Wydermyer also filed a charge with the EEOC, and later he filed a lawsuit based on that charge. Wydermyer v. Miami Valley Broadcasting Corp., No. C75-1829 ACW (N.D.Cal., filed Aug. 29, 1975). Wydermyer brought the suit as a class action on behalf of all minority persons employed by Miami Valley at any time from August 25, 1971, to the date of entry of judgment. Specifically, he alleged that he had been given lower pay, denied promotion, and harassed because of his race.
 
 
 4
 Wydermyer and Miami Valley agreed to settle the class action in late 1976. A notice of the proposed settlement was sent to all class members, including Dosier. Dosier appeared through his attorney at two settlement hearings in district court. He objected to his inclusion in the class, to the adequacy of Wydermyer as the class representative, and to the settlement itself. The district court overruled his objections, and approved the settlement. Wydermyer v. Miami Valley Broadcasting Corp., No. C75-1829 ACW (N.D.Cal. Dec. 16, 1976) (order dismissing complaint with prejudice). No appeal was taken from this judgment.
 
 
 5
 When its efforts to settle Dosier's charges of discrimination failed, the EEOC issued a right-to-sue letter on April 14, 1978. Dosier filed this suit, alleging violations of Title VII and § 1981. He based his complaint on the incidents occurring in 1974 and 1976, before the class action settlement, and on two incidents in 1977. On April 1, 1977, Dosier was reprimanded for refusing to work overtime. He filed an untimely charge based on this incident with the FEPC. On June 30, 1977, a supervisor accused Dosier of trying to sabotage the company, and threatened him. Dosier filed no charge based on this incident. In his complaint, he alleged that these incidents were part of a continuing scheme of harassment in retaliation for his prior charges of racial discrimination.
 
 PRE-SETTLEMENT CLAIMS
 
 6
 The district court granted summary judgment in favor of Miami Valley on Dosier's pre-settlement discrimination claims. The district court ruled that these claims were barred by the doctrine of res judicata. We agree with the district court that Dosier cannot now litigate claims which were covered by the class action settlement. Dosier was a member of the class certified in Wydermyer v. Miami Valley, a class action discrimination suit brought under Title VII and § 1981 on behalf of all minority employees of Miami Valley. To the extent that Dosier's claims were included among the Wydermyer class claims, he was bound by the December 16, 1976, settlement of the class action. Kemp v. Birmingham News Co., 608 F.2d 1049, 1054 (5th Cir. 1979).
 
 
 7
 Our review of the record convinces us that Dosier's claims of retaliation, brought under 42 U.S.C. § 2000e-3 and under § 1981, were not covered by the class action settlement. The amended complaint in the Wydermyer class action alleged an individual claim of retaliation against the named plaintiff, but the class claims did not include charges of retaliation.[1] Therefore, Dosier's pre-settlement claims of retaliation are not barred by the doctrine of res judicata. Rutherford v. American Bank of Commerce, 12 FEP Cas. 1184, 1186 (D.N.M.1976) aff'd, 565 F.2d 1162 (10th Cir. 1977); see Abramson v. University of Hawaii, 594 F.2d 202, 206-07 (9th Cir. 1979). Dosier's other pre-settlement claims of discrimination, brought under 42 U.S.C. § 2000e-2 and under § 1981, are fairly covered by the class action settlement. Dosier cannot now relitigate those claims.
 
 
 8
 Dosier argues that he should not be bound to any extent by the class action settlement because he was not adequately represented during that suit. It is true that a class member is not bound by a class action judgment if he was not adequately represented. Fowler v. Birmingham News Co., 608 F.2d 1055, 1058 (5th Cir. 1979). But a class member who is represented by counsel during a class action settlement hearing is bound by the settlement agreement. In re Antibiotic Antitrust Actions, 333 F.Supp. 296, 298 (S.D.N.Y.) aff'd, 450 F.2d 1119 (2d Cir. 1971), cert. denied, 408 U.S. 930, 92 S.Ct. 2496, 33 L.Ed.2d 343 (1972). Although Dosier was not a named party in the Wydermyer class action, he was represented during the settlement conference by his own attorney. Dosier cannot now complain that the named plaintiff did not adequately represent his interests. He is bound by the settlement because of his own participation in the suit. Hansberry v. Lee, 311 U.S. 32, 42-43, 61 S.Ct. 115, 118-119, 85 L.Ed. 22 (1940).
 
 
 9
 Dosier also argues that he should not be bound by the class action because he was not given a chance to opt out of the class. He points out that the unnamed plaintiffs in Antibiotic Antitrust were given a chance to opt out, and chose not to do so. But the unnamed plaintiffs in Antibiotic Antitrust were given that chance because of the requirements of Rule 23(b)(3), Federal Rules of Civil Procedure. The Wydermyer class action was brought under Rule 23(b)(2), which contains no such requirement. Nor does due process require the unnamed plaintiffs be given a chance to opt out of Rule 23(b)(2) class actions. See Penson v. Terminal Transport Co., 634 F.2d 989, 994 (5th Cir. 1981). Due process requires only that class members be adequately represented.[2] EEOC v. General Telephone Co., 599 F.2d 322, 334 (9th Cir. 1979), aff'd, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Dosier was adequately represented by virtue of his own participation in the class action. If he was dissatisfied with the settlement, he could have challenged it by direct appeal. Research Corp. v. Asgrow Seed Co., 425 F.2d 1059, 1060 (7th Cir. 1970). He cannot attack the settlement collaterally in this suit. In re Antibiotic Antitrust Litigation, 333 F.Supp. at 298.
 
 POST-SETTLEMENT CLAIMS
 
 10
 The district court granted summary judgment in favor of Miami Valley on Dosier's post-settlement Title VII claims because he had failed to file a timely charge with the EEOC to support these claims. Unless a plaintiff files a timely charge with the EEOC, he may not take his Title VII claim to federal court. Collins v. United Air Lines, Inc., 514 F.2d 594, 596 (9th Cir. 1975); Wiltshire v. Standard Oil Co., 447 F.Supp. 756, 757 (N.D.Cal.1978).
 
 
 11
 Dosier did not file a charge with the EEOC based upon the post-settlement incidents. He argues, however, that the filing of his original charges should satisfy the statutory prerequisite for this suit. A plaintiff may seek relief for discriminatory acts not listed in his original charge, so long as the acts are reasonably related to that charge, and they occur while the charge is pending before the EEOC. Oubichon v. North American Rockwell Corp., 482 F.2d 569, 570 (9th Cir. 1973); Ramirez v. National Distillers & Chemical Corp., 586 F.2d 1315, 1320 (9th Cir. 1978). Both post-settlement incidents occurred while Dosier's original charges were pending before the EEOC. Dosier has alleged that the incidents were related to those charges, and Miami Valley has not introduced evidence conclusively to demonstrate otherwise. However, the original charges may satisfy the statutory prerequisite for Dosier's post-settlement claims only if the original charges are still actionable.
 
 
 12
 As we explained above, Dosier's pre-settlement claims of retaliation, brought under 42 U.S.C. § 2000e-3, were not foreclosed by the class action settlement. Therefore, his original charges may satisfy the statutory prerequisite for his post-settlement claims of retaliation. Dosier's post-settlement Title VII claims brought under § 2000e-3 may not be barred for failure to file separate charges with the EEOC. See Oubichon v. North American Rockwell Corp., 482 F.2d at 571. Those pre-settlement claims which fall under 42 U.S.C. § 2000e-2, however, are foreclosed by the class action settlement. Therefore, any post-settlement claims brought under § 2000e-2 lack the basic prerequisite for judicial relief a timely, actionable charge filed with the EEOC. The issuance of the right-to-sue letter after the class action settlement cannot change that conclusion. The letter gave Dosier the right to sue over any Title VII issues not foreclosed by the settlement. The letter could not reactivate any Title VII claims that were foreclosed. Waligunda v. Sperry Rand Corp., 17 FEP Cas. 464, 467 (E.D.N.Y.1978). To gain the right to seek relief under § 2000e-2 for his post-settlement complaints, Dosier should have filed a charge based on those complaints.
 
 
 13
 The district court granted summary judgment in favor of Miami Valley on Dosier's post-settlement § 1981 claims. We may affirm a summary judgment only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact, and the appellee is entitled to prevail as a matter of law. Heiniger v. City of Phoenix, 625 F.2d 842, 843 (9th Cir. 1980). Our review of the record convinces us that summary judgment was improper here because Miami Valley did not carry its burden of showing that there were no genuine issues of material fact. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970); Dalke v. Upjohn Co., 555 F.2d 245, 248 (9th Cir. 1977).
 
 
 14
 Dosier has alleged that the incidents occurring after the class action settlement were racially motivated. Miami Valley did not contradict this with affidavits. Rather, it used Dosier's own deposition to show that at the time of the incidents he thought they were not racially motivated. While the deposition may serve to establish Dosier's belief at the time of the incidents, it does not address the question whether those incidents were in fact racially motivated, as Dosier has alleged. Two genuine issues of material fact remain in the case.
 
 
 15
 First, Dosier claims that the post-settlement incidents were part of a continuing pattern of discrimination. Although his claim based on the pre-settlement incidents has been satisfied, he is not prevented from using those incidents as evidence of a continuing pattern of discrimination by Miami Valley. Evidence of prior acts may clearly be used to establish the existence of a pattern or scheme. See Rule 404(b), Federal Rules of Evidence. Because Miami Valley has not shown that these events were unrelated, a factual issue remains. See Oubichon v. North American Rockwell, 482 F.2d at 571; Reed v. Lockheed Aircraft Corp., 613 F.2d 757, 760-61 (9th Cir. 1980).
 
 
 16
 Second, Dosier claims that the post-settlement incidents were evidence of retaliation against him for filing the original charges of discrimination. He has alleged that a supervisor accused him of hating and trying to sabotage the company. Because all inferences must be drawn in Dosier's favor, we may conclude from this claim that the supervisor was referring to his continual filing of discrimination claims against the company. To counter this, Miami Valley introduced Dosier's deposition to show that at the time he did not believe that the incident was racially motivated. Miami Valley has done nothing more than point out an inconsistency between Dosier's deposition and his complaint. See Central Mutual Insurance Co. v. Newman, 117 So.2d 41, 43 (Fla.App.1960); McCormick on Evidence, § 35 at 68 (2d ed. 1977). This inconsistency leaves a genuine issue of material fact which must be resolved at trial.
 
 ATTORNEYS' FEES
 
 17
 The district court denied Miami Valley's request for attorneys' fees. The award of attorneys' fees to a prevailing party in a Title VII action is a matter committed to the discretion of the district court. 42 U.S.C. § 2000e-5(k). Therefore, we may overturn this decision only if we find that the court abused its discretion in denying appellee's request. We do not so find.
 
 
 18
 Title VII allows the district court to award attorneys' fees to a prevailing party. The standards which apply to an award to a plaintiff are different from those which apply to an award to a defendant. Although a prevailing plaintiff should recover attorneys' fees unless "special circumstances" make the award unjust, Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978), that is not true when a defendant prevails. The policies favoring an award of attorneys' fees to a plaintiff do not apply in favor of a defendant. Christiansburg Garment Co. v. EEOC, 434 U.S. at 418-19, 98 S.Ct. at 698-699; Silver v. KCA, Inc., 586 F.2d 138, 143 (9th Cir. 1978). The only purpose served by awarding attorneys' fees to a prevailing defendant is to discourage frivolous litigation. Ellis v. Cassidy, 625 F.2d 227, 230-31 (9th Cir. 1980). Therefore, an award of attorneys' fees to a prevailing defendant is appropriate only when the plaintiff's claim is frivolous, unreasonable, or without foundation. Christiansburg Garment Co. v. EEOC, 434 U.S. at 421, 98 S.Ct. at 700.
 
 
 19
 In this case, the district court did not specifically find that appellant's Title VII claims were not frivolous. It simply denied Miami Valley's request for attorneys' fees. We agree with this result. At this stage, Miami Valley is not a prevailing party on Dosier's Title VII claims of retaliation. Even those Title VII claims which we found barred by the Wydermyer class action settlement were not so obviously foreclosed that they may be characterized as frivolous. Neither party could have predicted the outcome with absolute confidence.
 
 
 20
 Miami Valley relies upon Prate v. Freedman, 583 F.2d 42 (2d Cir. 1978), in which the Second Circuit reversed the district court's decision not to award attorneys' fees to a prevailing defendant. But in Prate, the district court had found that the plaintiff's suit was unreasonable, and still denied defendant's request for attorneys' fees. Id. at 47-48. In this case, the district court did not find that Dosier's claims were frivolous, and they plainly were not. Therefore, Miami Valley was not entitled to an award of attorneys' fees.
 
 CONCLUSION
 
 21
 We remand for further proceedings related to Dosier's retaliation claims and his § 1981 claim based on incidents occurring after December 16, 1976. The remaining portions of the district court's decision are affirmed.
 
 
 
 *
 The Honorable William G. East, Senior U.S. District Judge, for the District of Oregon, sitting by designation
 
 
 [1]
 The amended complaint in the Wydermyer class action stated:
 
 
 [9]
 KTVU (Miami Valley) has and continues to discriminate against minority group members as a class and the plaintiff in particular by:
 a) never employing a black person as a regular member of its Action News format as an anchor person;
 b) restricting employment opportunities for blacks as producer or co-producer to programs directly related to or oriented to minority interests;
 c) never employing a black person as a manager and official and as sales worker; and
 d) passing over minority group members whose experience and qualifications are equal to or better than whites who are either promoted or newly hired to fill the higher paying, higher status positions which lead to the managerial and official level.
 The settlement in the Wydermyer class action stated:
 
 
 [2]
 The complaint and amended complaint and all claims alleged therein or otherwise alleged in this action or which could have been alleged by reason of, or in connection with, or which arise out of, any matters set forth or referred to in the complaint or amended complaint herein, are hereby dismissed
 
 
 [3]
 All members of the class be and hereby are permanently barred and enjoined from the institution or prosecution of any other action asserting against the defendant any claim or claims referred to in the foregoing paragraph hereof
 
 
 [2]
 The Second Circuit has also held that in Rule 23(b)(1) class actions, preclusion of the right to opt out does not violate due process so long as appropriate notice and an opportunity to participate are provided to absent class members. Robertson v. National Basketball Association, 556 F.2d 682, 686 (2d Cir. 1977)