[No. A014986. First Dist., Div. Three. Mar. 27, 1984.]

KAREN A. JOHNSON, Plaintiff and Appellant, v.
AMERICAN AIRLINES, INC., Defendant and Respondent.

**COUNSEL**

Bruce T. H. Burke and Burke & Kessler for Plaintiff and Appellant.

Donald D. Connors, Jr., Rebecca D. Strause and Brobeck, Phleger & Harrison for Defendant and Respondent.

**OPINION**

**SCOTT, J.**—Karen A. Johnson appeals from the adverse judgment entered against her pursuant to the trial court's granting of respondent American Airlines' motion for summary judgment. We affirm.

There is no dispute as to any of the material facts. Appellant was employed as a flight attendant with American Airlines (American) since March 1, 1967. On April 28, 1976, a class action lawsuit was brought against American in the federal district court for the Eastern District of Virginia, on behalf of all women employed by American who had been or could be adversely affected by American's policy of mandatory maternity leave and weight program as it affected maternity. American objected to class certification and asked that personal notice be given all class members. On November 12, 1976, the federal court ordered the action certified under Federal Rules of Civil Procedure, rule 23(b)(2), (28 U.S.C.). No notice was given to members of the class.

In September or October 1976, appellant had informed her supervisor at American that she was pregnant, and had been placed on mandatory maternity leave without pay. In or about April 1977, appellant filed a sex discrimination complaint with the California Fair Employment Practice Commission. She returned to work with American in August 1977. Meanwhile, the federal litigation proceeded to trial, and was tried to the court in Sep-

tember 1977. On October 21, 1977, the court rendered a decision finding American's mandatory leave policy for its flight attendant employees unlawful under title VII of the 1964 Civil Rights Act. (*MacLennan* v. *American Airlines, Inc.* (E.D.Va. 1977) 440 F.Supp. 466.) Both sides appealed. In or about February 1979, appellant informed her supervisor at American that she was pregnant again. She was again placed on involuntary maternity leave without pay. She filed a second sex discrimination complaint with the Fair Employment Practice Commission. The pregnancy was terminated, and shortly thereafter she returned to work at American as a flight attendant.

Meanwhile, the parties to the federal lawsuit settled. Thereafter, the federal court ordered that notice of the settlement be given to class members. On August 9, 1979, counsel for the federal plaintiffs mailed notice of the proposed settlement, together with proof of claim and release forms, to past and present flight attendants of American, including appellant. On August 14, 1979, appellant filed the instant action challenging American Airlines' mandatory maternity leave policies, having earlier been issued "right-to-sue" letters by the Fair Employment Practice Commission. On September 27, 1979, appellant filed an objection to the proposed class settlement in the federal class action. On October 5, 1979, she appeared through her attorney at a hearing reviewing the proposed settlement in light of objections thereto. After the hearing, the settlement was approved, and the final consent decree was filed and entered. After submission and review of claims under the consent decree, the final order dismissing the class action with prejudice as fully and finally settled was entered and filed on August 19, 1980. Appellant chose not to participate in the backpay fund set up under the federal class action consent decree.

■ The only question before us is whether or not appellant's action in this court is barred by the final order in the federal class action as a result of the doctrine of res judicata. We find that it is.

■ The doctrine of res judicata codified in Code of Civil Procedure sections 1908, 1908.5, 1909, 1910 and 1911, gives conclusive effect to an earlier judgment in subsequent litigation involving the same controversy. (*Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 972-973 [104 Cal.Rptr. 42, 500 P.2d 1386].) "'Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has *jurisdiction* over the parties and the cause of action, and the court has *finally* decided the controversy, the interests of the State and the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them.' . . . The test . . . is two-pronged: (1) The court must have *jurisdiction* over both the parties and the subject matter in the dispute, and (2) the same cause of action must be *fully litigated* on

its merits." (*De Weese* v. *Unick* (1980) 102 Cal.App.3d 100, 105 [162 Cal.Rptr. 259], italics in original.) The doctrine applies to all courts, and a federal court judgment has the same effect in the courts of this state as it would in a federal court. (*Martin* v. *Martin* (1970) 2 Cal.3d 752, 761 [87 Cal.Rptr. 526, 470 P.2d 662].)

█ Under both California and federal law, res judicata bars a subsequent suit if the same cause of action has been previously adjudicated in a suit between the same parties. (*Montana* v. *United States* (1979) 440 U.S. 147, 153 [59 L.Ed.2d 210, 216-217, 99 S.Ct. 970].) █ It is also settled, and appellant does not dispute the fact, that a court-approved settlement pursuant to a final consent decree in a class action will operate to bar subsequent suits by class members. (*Dosier* v. *Miami Valley Broadcasting Corp.* (9th Cir. 1981) 656 F.2d 1295, 1298; *Laskey* v. *International Union* (*UAW*) (6th Cir. 1981) 638 F.2d 954, 956-957; *Penson* v. *Terminal Transport Co.* (5th Cir. 1981) 634 F.2d 989, 992.) The final order approving the settlement in the *MacLennan* class action was equivalent to a final judgment for res judicata purposes. "A judgment entered . . . by consent or stipulation, is as conclusive a . . . bar as a judgment rendered after trial." (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 170, p. 3312; *De Weese* v. *Unick, supra,* 102 Cal.App.3d at p. 105.)

█ Although appellant asserts that the doctrine of res judicata is inapplicable to her because she was not a named party in the federal lawsuit, this argument is manifestly without merit. As long as she was a member of the class, even though unnamed, and was adequately represented, she is bound by the settlement in the federal action. (*Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.* (1968) 266 Cal.App.2d 269, 277-278 [72 Cal.Rptr. 102]; *Dosier* v. *Miami Valley Broadcasting Corp., supra,* 656 F.2d at p. 1298; *Penson* v. *Terminal Transport Co., supra,* 634 F.2d at p. 992.) There is no question that appellant was adequately represented in this instance, since her own attorney attended and participated actively in the hearing before the federal court at which the class action settlement was approved. This fact alone binds her to the terms of that settlement and bars the present action. (*Dosier, supra,* 656 F.2d at p. 1299.)[1]

Appellant also urges that the instant state court litigation is not barred by the previous federal class action because the "causes of action" in this suit

---

[1] As the Ninth Circuit Court of Appeals stated in *Dosier*: "[A] class member who is represented by counsel during a class action settlement hearing is bound by the settlement agreement. [Citations.] Although Dosier was not a named party in the [earlier] class action, he was represented during the settlement conference by his own attorney. Dosier cannot now complain that the named plaintiff did not adequately represent his interests. He is bound by the settlement because of his own participation in the suit." (*Dosier, supra,* 656 F.2d at p. 1299.)

are "distinct and different" from those in the federal lawsuit. Citing the fact that the earlier federal action was brought under provisions of *federal* civil rights laws while this case alleges violations of the California *state* Constitution and statutes, she argues that her rights under state law may well be "broader" than those found by the federal court.

This argument is not novel; it has been considered before by the courts of this state, and rejected. While it is true that res judicata will only bar relitigation of the same cause of action by the same parties, the question of whether a cause of action is identical for purposes of res judicata depends not on the legal theory or label used, but on the "primary right" sought to be protected in the two actions. The invasion of one primary right gives rise to a single cause of action. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].) Moreover, the "cause of action" is based on the harm suffered, as opposed to the particular theory asserted by the litigant. (*Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 605 [329 P.2d 953, 74 A.L.R.2d 1].) "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief.' [Citations.]" (*Slater* v. *Blackwood, supra,* 15 Cal.3d 795, italics in original.)

In a recent decision, the United States Supreme Court upheld a federal court's application of res judicata to a *federal* discrimination claim on the grounds that the primary rights at issue had previously been adjudicated in state court as a *state* discrimination claim. (*Kremer* v. *Chemical Construction Corp.* (1982) 456 U.S. 461, 472-485 [72 L.Ed.2d 262, 274-283, 102 S.Ct. 1883].) Specifically, the court held that a federal court in an action brought under title VII of the Civil Rights Act of 1964 (78 Stat. 253, as amended, 42 U.S.C. § 2000e et seq.), must "give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim as meritless when the state court's decision would be res judicata in the State's own courts." (*Kremer, supra,* 456 U.S. at p. 463 [72 L.Ed.2d at p. 268].) Although the facts presented by *Kremer* were the inverse of those in this case, in which the issue is the preclusive effect of a prior federal court judgment on a subsequent state court action, the court's reasoning is applicable here. The underlying premise of the opinion in *Kremer* is that a cause of action for alleged discrimination is based on a single primary right, whether the cause of action relies on federal or state antidiscrimination law. (*Id.,* at pp. 468-476, 479-480 [72 L.Ed.2d at pp. 271-277, 278-280].) *Kremer* thus provides support for the application of res judicata whenever a discrimination claim has already been fully litigated in any forum, state or federal.

The "primary right" allegedly violated in the instant case is the same as that asserted in the earlier federal class action: the right to be free from employment discrimination based on sex, in the specific area of involuntary maternity leave. Appellant is seeking to assert or protect the same rights in this state court action which formed the basis of the class action complaint and the final consent decree in *MacLennan,* and the remedies sought here are the same as those secured in the class action settlement. Res judicata applies.

Appellant's other contentions may be quickly disposed of. The failure to give notice to class members of the pendency of the federal suit, and the lack of an "opt-out" opportunity prior to the notification of settlement, did not deprive her of due process. *MacLennan* was certified under federal rule 23(b)(2). The courts have held that due process does not require that notice or an opportunity to opt out be provided class members in rule 23(b)(2) class actions. (*Dosier* v. *Miami Valley Broadcasting Corp.,* supra, 656 F.2d at p. 1299.) Due process requires only that class members be adequately represented. (*E.E.O.C.* v. *General Tel. Co. of Northwest* (9th Cir. 1979) 599 F.2d 322, 334, affd. (1980) 446 U.S. 318 [64 L.Ed.2d 319, 100 S.Ct. 1698].) Appellant was adequately represented by virtue of her participation in the class action settlement conference. If she was dissatisfied with the settlement, she could have challenged it by direct appeal. (*Dosier, supra,* 656 F.2d at p. 1299.) She may not now claim that the lack of notice and opt-out opportunity makes res judicata inapplicable here.

Finally, the application of res judicata would not result in any "manifest injustice" in this case. Assuming the continuing viability of the equitable (and discretionary) exception to res judicata described in *Greenfield* v. *Mather* (1948) 32 Cal.2d 23, 35 [194 P.2d 1], criticized in *Slater* v. *Blackwood, supra,* 15 Cal.3d at page 796, it is clear that any "injustice" to appellant in this case is the direct result of her voluntary decision not to participate in or appeal the settlement in the federal class action.

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.