972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivory BEAVERS, Sr., Plaintiff-Appellant,
v.
PACIFIC MARITIME ASSOCIATION, Marine Clerks Association
Local 63, International Longshoreman's and
Warehouseman's Union Local 13,
Defendants-Appellees.
 No. 90-55609.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivory Beavers appeals pro se the district court's grant of summary judgment in favor of Pacific Maritime Association, Local 63 and Local 13 in his Title VII action. We have carefully reviewed the record. We affirm.
 
 
 3
 Beavers' allegations of wrongful discrimination in 1986 centered on the administration of a strength and agility test. Beavers failed to show that he filed a timely complaint with the EEOC regarding the circumstances of the test. Thus, the district court properly granted summary judgment with respect to his 1986 claims. See, e.g., Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1299 (9th Cir.1981) ("Unless a plaintiff files a timely charge with the EEOC, he may not take his Title VII claim to federal court.").
 
 
 4
 Beavers failed to show that minorities in the pool of applicants for Class B registration had qualifications comparable to those possessed by non-minority applicants. To prevail on a theory of disparate racial impact under Title VII, Beavers must demonstrate comparable qualification. See Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 650 (1989) (comparison between racial composition of qualified persons in labor market and persons holding at-issue jobs generally forms basis for initial inquiry in disparate impact cases). The district court properly granted summary judgment with respect to his 1984-85 disparate impact claims.
 
 
 5
 Beavers failed to show that he qualified for Class B registration in the 1984-85 time frame. The record indicates that the minimum score required to qualify for a registration interview was eighty-five. Beavers received a score of sixty-six. Beavers also failed to show that discriminatory criteria were used to determine his qualification. He therefore failed to make out a prima facie case of disparate treatment. See, e.g., Yartzoff v. Thomas, 809 F.2d 1371, 1374 (9th Cir.1987) (disparate treatment claimant must show qualification for job sought). The district court properly granted summary judgment. See id.
 
 
 6
 During 1984-84, female applicants with qualification scores below eighty-five were interviewed for Class B registration. This, however, does not preclude a grant of summary judgment. Id. These interviews were conducted pursuant to a consent decree entered in an earlier suit to remedy past sexual discrimination in the registration of longshoremen. Beavers failed to present any evidence that this legally-sufficient justification was merely pretextual. The district court properly granted summary judgment.
 
 
 7
 The district court did not abuse its discretion in denying Beavers' motion to file a second amended complaint. The motion was brought to transform Beavers' suit into a class action on behalf of other similarly-situated casual longshoremen. Although Fed.R.Civ.P. 15(a) provides that leave to amend should be freely given in the interests of justice, a district court may decline to permit amendment if there is an "apparent" reason for doing so. See Foman v. Davis, 371 U.S. 178, 182 (1962); Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir.1991). Federal R.Civ.P. 23 requires that the representative parties in a class action fairly and adequately protect the interests of the entire class. Based on the arguments made with respect to the motion, the district court could properly deny leave to amend on the basis that Beavers was unable to adequately protect the interests of other class members.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3