THOMAS, P. J.,
for the Court:
¶ 1. Linda K. Wininger appeals the Circuit Court of Warren County’s order granting summary judgment in favor of the appellee. Wininger argues that the circuit court erred (1) in prematurely granting defendant’s motion for summary judgment, (2) in concluding that the Amer-istar Casino was not a “vessel” under the Jones Act, and (3) in concluding that Ms. Wininger was not a “seaman” for
purposes of the Jones Act. From the circuit court’s grant of defendant’s motion for summary judgment, Wininger assigns the following issues for review:
I. DID THE TRIAL COURT PREMATURELY GRANT DEFENDANT’S MOTION FOR SUMMARY JUDGMENT?
II. DID THE TRIAL COURT ERR IN CONCLUDING THAT THE AM- *2 ERISTAR WAS NOT A “VESSEL” UNDER THE JONES ACT?
III. DID THE TRIAL COURT ERR IN CONCLUDING THAT MS. WIN-INGER WAS NOT A “SEAMAN” FOR PURPOSES OF THE JONES ACT?
Finding no error, we affirm.
FACTS
¶ 2. On April 24, 1994, Linda Wininger slipped and fell on some stairs while working at the Ameristar Casino in Vicksburg, Mississippi. Wininger was employed by the Ameristar Casino as a security guard and preforming her duties in the scope of her employment at the time of her injury. From this accident, Wininger filed suit in the Circuit Court of Warren County on April 24, 1997 against defendant, Ameris-tar Casino, alleging actionable negligence under the Jones Act for failing to properly maintain a reasonably safe condition on the Ameristar’s premises. Wininger further alleged that the Ameristar was negligent for failure to properly inspect the premises for defective conditions and to remedy or repair such conditions. Win-inger’s suit was filed under the 46 U.S.CAApp. § 688 et seq., otherwise commonly known as the Jones Act.
¶ 3. On December 22, 1997, Ameristar moved for summary judgment pursuant to Miss. R. Civ. P. 56. That motion was granted in favor of Ameristar on April 14, 1998. The trial court determined that Wininger was not a “seaman” and the Ameristar was not a “vessel” as defined in the Jones Act and interpreted by the Mississippi Supreme Court in its previous Jones Act holdings. In that ruling the trial court made several findings of fact in support of granting Ameristar’s motion for summary judgment. The trial court determined that the Ameristar was a floating casino with dockside attachments of a permanent nature, whose design and exclusive purpose has never been used for any navigational purpose such as transporting passengers, cargo, or equipment as a seagoing vessel. In support of its design and exclusive purpose the Ameristar is without any engine, navigational crew, or quarters, and its outward “pilot house” atop the casino is purely for aesthetic appearance. The trial court further found that the Ameristar was permanently stabilized with steel beams attached to steel sheet piles driven into the underlying bedrock and it has remained in at that position since its initial attachment. Finally, that as of April 1994 the Ameris-tar was not engaged in any navigational activities and that Wininger’s duties as a security guard was the exclusive purpose for which she worked for Ameristar and that those duties failed to include any nautical or maritime activities.
ANALYSIS
I.
DID THE TRIAL COURT PREMATURELY GRANT DEFENDANT’S MOTION FOR SUMMARY JUDGMENT?
II.
DID THE TRIAL COURT ERR IN CONCLUDING THAT THE AMER-ISTAR WAS NOT A “VESSEL” UNDER THE JONES ACT?
III.
DID THE TRIAL COURT ERR IN CONCLUDING THAT MS. WIN-INGER WAS NOT A “SEAMAN” FOR PURPOSES OF THE JONES ACT?
¶ 4. Wininger maintains various issues and sub-issues on appeal urging this Court to depart from previous precedent. Win-inger maintains Mississippi’s current state of the law on issues concerning the Jones Act, floating casino barges and its employees developed from an incorrect line of reasoning after Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560 (5th Cir.1995). However, Wininger’s assignments of error can be addressed succinctly *3 on the issue of whether the trial court erred in granting summary judgment to the Ameristar Casino as we have unmistakably clear precedent from our supreme court.
STANDARD OF REVIEW
¶ 5. Our standard of review for appeals brought to this Court on the denial or grant of a motion for summary judgment is well settled:
The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
Franklin v. Thompson, 722 So.2d 688(¶ 8) (Miss.1998) (quoting Mantachie Natural Gas v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)); see also Aetna Casualty & Surety Co. v. Berry, 669 So.2d 56, 70 (Miss.1996).
¶ 6. The trial court should deny a motion for summary judgment unless the trial court concludes beyond any reasonable doubt that the plaintiff would be unable to prove any facts to support his/her claim. Franklin, 722 So.2d at 691(¶ 9); Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1343 (Miss.1994). Further, the trial court may not try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. Id.; Yowell, 645 So.2d at 1343—44; Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983).
¶ 7. After a complete review of the record as submitted in this appeal, it is readily apparent that no genuine issue as to any material facts were in dispute at the time summary judgment was granted. There was, however, a disputed interpretation of law between the parties on the issue of whether Wininger’s status as a security guard and Ameristar’s status as a dockside casino are actionable under Mississippi law in light of the Mississippi Supreme Court’s previous holdings and interpretations of “seaman” and “vessel” status as defined in the Jones Act.
DISCUSSION OF LAW
¶ 8. Our supreme court has recently dealt with the issue of the Jones Act and its applicability to employees injured while working aboard dockside casino barges. All three of our supreme court’s most recent cases on the very issue before us today have held against the claimant on the issue of “seaman” status under the Jones Act. We find that the Mississippi Supreme Court’s most recent holding in Lane v. Grand Casinos of Mississippi, Inc., Gulfport, 708 So.2d 1377 (Miss.1998) is the controlling authority on the issue before us today.
¶ 9. In Lane, the Mississippi Supreme Court affirmed the Harrison County Circuit Court’s grant of summary judgment for Grand Casino on a factually similar situation and identical Jones Act claim as has been asserted in the case sub judice. Lane was a janitorial employee working aboard the Grand Casino barge in Gulfport, Mississippi when she received injuries to her shoulder when she fell after being struck by a buffing machine operated by a fellow employee. The Lane Court held that for an employ *4 ee to achieve “seaman” status under the Jones Act or general maritime law, “an employee’s duties must ‘contribute to the function of the vessel or to the accomplishment of its mission.’ ” Lane, 708 So.2d at 1380 (¶ 12) (citing Chandris, Inc. v. Latsis, 515 U.S. 347, 370, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)). Second, and most important, the employee “must have a substantial connection with a vessel in navigation both in duration and nature.” Id. The employee’s status is “based on his/her substantial status as a member of the crew, and the substantial relationship to the vessel and its navigation in the water.” Lane, 708 So.2d at 1381 (¶ 12) (citing Chandris, Inc. v. Latsis, 515 U.S. at 360-61, 115 S.Ct. 2172).
¶ 10. The Lane Court acknowledged that whether an employee satisfies “seaman” status will often turn on the second standard in Chandris “which requires the employee to show a ‘connection to a vessel in navigation (or to an identifiable group such as vessels) that is substantial in terms of both duration and its nature.’ ” Lane, 708 So.2d at 1381 (¶ 13) (citing Chandris, 515 U.S. at 368, 115 S.Ct. 2172). The second standard in Chandris was further explained in Harbor Tug & Barge Co. v. Papai 520 U.S. 548, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997):
For the substantial connection requirement to serve its purpose, the inquiry into the nature of the employee’s connection to the vessel must concentrate on whether the employee’s duties take him to sea. This will give substance to the inquiry both as to the duration and nature of the employee’s connection to the vessel and be helpful in distinguishing land-based from sea-based employees.
Papai, 520 U.S. 548, 117 S.Ct. 1535 (quoting Chandris, 515 U.S. at 368, 115 S.Ct. 2172 (1995)).
¶ 11. The establishment of Win-inger’s “seaman” status is imperative to her claim’s survival under the Jones Act or general maritime law. Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 87, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991). Failure of a plaintiff to establish “seaman” status in a summary judgment proceeding, upon the lower court’s determination that the “only rational inference to be drawn from the evidence is that the worker is not a seaman,” should result in the granting of the motion for summary judgment. Lane, 708 So.2d at 1380(¶ 11) (quoting Beard v. Shell Oil Co., 606 F.2d 515, 517 (5th Cir.1979)). We note, as was recognized in Lane, that seaman status is ordinarily a jury question and that even marginal Jones Act claims should go to the jury. See Daniel v. Ergon, Inc., 892 F.2d 403, 407 (5th Cir.1990); Bernard v. Binnings Constr. Co., 741 F.2d 824, 827 (5th Cir.1984). However, Wininger’s position as a land based security guard fails to reach seaman status as recognized by the Mississippi Supreme Court in Lane.
¶ 12. We find that Wininger’s position as a security guard fails to create a substantial relationship to the navigation of the Ameristar Casino nor was she exposed to the perils of sea as is required before her status of “seaman” can be reached in a Jones Act claim. Wininger’s position as security guard, whose duties are to protect the monetary assets of her employer and of the patrons who frequent the Ameristar as well as to provide for their safety, does not extend beyond that of a land based employee. Therefore, in light of Lane, Wininger cannot be considered a “seaman” for purposes of a Jones Act claim or general maritime law.
¶ 13. Jones Act cases must be decided on their respective particular facts. Potential circumstances may necessitate finding an employee has reached the status of “seaman” depending on the casino’s particular usage:
[T]o say a casino barge is not a “vessel” under federal maritime law in all circumstances is overly broad and incorrect. These barges are capable of moving on navigable waters and several casino barges have been moved due to inclement weather as well as to relocate *5 for business reasons. If an accident occurs during one of these moves and a worker is injured during that move, it is possible that the worker may classify as a “seaman” and his claim should not be barred because this Court has determined as a matter of law that the casino barge is not a “vessel.”
Lane, 708 So.2d at 1381 (¶ 16.) (citing Thompson v. Casino Magic Corporation, 708 So.2d 878, 883 (Miss.1998)). However, we need not determine whether the Amer-istar, a floating casino barge, is encompassed within the “vessel” provision of the Jones Act or maritime law in light of our holding on the issue of Wininger’s “seaman” status.
¶ 14. Therefore, due to the well established precedent in this State on the issue before us today, we can only conclude that Wininger fails to achieve the status of “seaman” as required in a Jones Act claim. The trial court’s grant of summary judgment was proper having been analyzed and decided on 'findings of fact and conclusions of law. The trial court’s grant of summary judgment in favor of Ameristar is affirmed. These assignments of error are without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., COLEMAN, AND DIAZ, JJ„ CONCUR.
IRVING, J., CONCURS IN RESULT ONLY. LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., BRIDGES AND PAYNE, JJ.