PROCEDURAL HISTORY
PAYNE, J.,
for the Court:
¶ 1. The Circuit Court for the First Judicial District of Hinds County granted summary judgment in this case, ruling that the Full Faith and Credit Clause of the U.S. Constitution barred this action. The Lit-tles filed a motion to reconsider and were *177 given thirty days to supplement their motion with other documents. Such motion was denied, though, after the new evidence was submitted.- The Littles now appeal to this Court, aggrieved of the circuit court’s dismissal of their action.
FACTS
¶ 2. The appellants in this case, Ronald and Shirley Little, each had individual life insurance policies through American Public Life Insurance (American). Each respective policy provided $25,000 coverage for each person. According to the policy agreement, each party paid fifty dollars per month via bank draft, and after sixteen years the payments would cease while the coverage continued. In 1998, this sixteen years concluded, and the Littles decided to purchase more insurance. They contacted American and asked that a salesperson be sent to their home to discuss increasing their coverage with American. Appellee Asa R. Clodfelter, a salesman, went to the Littles’ home to discuss an insurance plan with them, as requested. The Littles claim that they asked Clodfelter to issue them duplicate policies to those which they had each already individually purchased years before and that Clodfelter understood this and assured them their new polices would be issued by American on the same terms as their previous policies.
¶ 3. The Littles were not aware that they had not actually purchased an American policy, but that their policy was issued by Transamerica Occidental Life Insurance Company (TOLIC). Further, the Littles showed that they did not pay fifty dollars per month, but that their premiums rose over time. Ronald Little actually purchased a $50,000 whole life policy that rose over time from fifty dollars per month to nearly ninety-six dollars per month. The insurance company took the liberty of deducting the excess amount from Ronald’s bank account (since he made his payments via bank draft), and reduced his cash value of his policy to compensate for, the extra expense. Shirley Little purchased a $75,000 whole life policy from TOLIC, and her fifty dollar per month premium rose over time to fifty-five dollars per month. Now, Ronald’s cash value on his policy is only $810.72. Shirley’s cash value is $5,569.11. Meanwhile, a group of plaintiffs had filed a class action suit in California, and in 1997 a California court found that TOLIC had defrauded the plaintiffs and awarded a settlement to these plaintiffs.[1]
¶4. With this appeal, the Littles claim they were not made aware of any class action in California against TOLIC for fraudulently inducing persons to buy insurance policies. The Littles also claim that since Clodfelter was not a party to the California suit, nor were they notified of their option to join the suit, that full faith and credit need not be given to the California judgment as res judicata does not preclude the Littles from finding relief in a Mississippi court.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 5. With this appeal, appellants Ronald and Shirley Little claim that the circuit court erred in granting summary judgment in favor of appellee and in finding that full faith and credit was due the California judgment in which neither the appellants nor the appellee were parties.
*178 Our standard of review for appeals brought to this Court on the denial or grant of a motion for summary judgment is well settled: The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it— admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
Wininger v. Ameristar Casino, Inc., 760 So.2d 1 (¶ 5) (Miss.Ct.App.1999) (citations omitted).
DISCUSSION OF THE ISSUES
¶ 6. The sole issue in this case is whether or not the trial court properly granted summary judgment. The Littles argue that the four-prong test for res judi-cata questions precludes a Mississippi court from giving full faith and credit to the California judgment to which neither they nor the appellee were parties. That test states:
For the doctrine of res judicata to apply, four identities must be present: identity of the subject matter, identity of the cause of action, identity of the parties and identity of the quality or character of a person against whom a complaint is made. Absent any of those identities, the defense of res judicata must fail. When all four identities are in place, the parties may not relitigate any issues that were previously litigated or which should have raised in the previous litigation.
Stewart v. Merchants Nat’l Bank, 700 So.2d 255, 260-62 (Miss.1997) (citations omitted). The Littles argue that they were not parties to the California suit, that Clodfelter was not a party, that they were never served process on the suit but merely received notice of the final judgment, and that the same issues are not up for debate in the present case as were litigated at the California level. The Littles claim that their suit is not against the insurance company but is solely against Clodfelter for intentional fraudulent misrepresentation in his capacity as an independent contractor working for American, not as a salesperson representing TOLIC. Clodfelter points out in his brief that the Littles indeed were served in the California Natal proceeding, that they chose not to opt out of the Natal class action, and that they failed to submit a damages claim in connection with the court-approved class action settlement.
¶ 7. Looking to the appellee’s motion for summary judgment, attached to this motion is the affidavit of Ronald G. Hazelrigg. Hazelrigg was a TOLIC employee acting as manager in the customer service department. His affidavit affirms that he was responsible for mailing court-ordered notices to members of the class certified by the California court in connection with the Natal court-ordered settlement. Also, Hazelrigg affirms that he sent a “Notice of Class Action, Proposed Settlement, Fairness Hearing, and Right to Appear” to the *179 Littles. A sample of this notice appears as an exhibit, as well. Hazelrigg attested that the mailing log kept at TOLIC indicated that on two separate occasions the Littles were sent notice of approval of settlement and opportunity to elect. This notice explained to the Littles their rights as class members and specifically gave the Littles the following options: (1) remain members in the class and become eligible for relief upon settlement approval, (2) remain in the class and object to the proposed settlement, or (3) take affirmative steps to exclude themselves from the class. Though the TOLIC records show that the Littles and their attorney’s office contacted TOLIC on a few different occasions, no proof exists to show that the Littles ever took any action to participate in the settlement, to object to the settlement or to exclude either of themselves. Without such evidence, the court was left with no alternative but to conclude that no such evidence existed and that the Littles opted to do (1) above — to remain members in the class and become eligible for relief upon settlement approval. In further support of this conclusion is the Littles’ response to the appellee’s motion for summary judgment. ■ In that response, the Littles state, “Plaintiffs would show that they were offered a share of the settlement after the fact. The settlement was so minuscule as to be insulting regarding the Plaintiffs’ damages and they refused to accept a pro-rata share of something that they had no part in and no control over.” This shows again that the Littles failed to object prior to the final approved settlement or to withdraw as class members prior to entry of the settlement; thus, they remained in the class.
¶ 8. Looking back to the res judica-ta test, “[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised in that action.” Johnson v. Howell, 592 So.2d 998, 1002 (Miss.1991). The Littles argue that the parties were not the same in the Natal action as in their action and also that their claim is not the same as the one on which the California settlement was based.
¶ 9. We know there has been a final judgment on the merits, that being the Natal proceeding, so we next look to the parties’ identities. The Littles argue that they were not parties to the first action because they suffered no harm at TOLIC’s hands, but rather Clodfelter was the one who caused them harm. The Littles claim that Clodfelter was acting as an independent broker for American and that he only later became affiliated with TOLIC; thus, he was not included in the settlement class either since at that time he was an independent agent not employed by TOLIC. Clodfelter claims that he was a TOLIC agent at the time he met with the Littles and that they were aware that he was selling them TOLIC policies. As well, Ha-zelrigg’s affidavit identifies the Littles as belonging to the class of persons identified in the settlement action, since they bought policies from TOLIC that were at issue in the class action. The specific language of the settlement proposal extended the TOLIC class to its agents. So, by virtue of their not opting out, we can identify the Littles as part of the plaintiff class, and since Clodfelter was part of the TOLIC defendant class in his capacity as a TOLIC agent, the parties in these two proceedings are the same.
¶ 10. Next, looking to the issues litigated at the prior level, the appellee cites a California case which describes how that state’s courts approach this dilemma.
To define a cause of action, California follows the primary right theory, which conceives of a cause of action as 1) a primary right possessed by the plaintiff, *180 2) a corresponding primary duty devolving upon the defendant, and 8) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. Thus, two actions constitute a single cause of action if they both affect the same primary right.... “[T]here is only a single cause of action for the invasion of one primary right,” even if multiple theories of recovery are asserted.
Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass’n, 60 Cal.App.4th 1053, 1065, 71 Cal.Rptr.2d 77, 84 (1st Dist.1998).
Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. “Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.”
Johnson v. American Airlines, Inc. 157 Cal.App.3d 427, 432, 203 Cal.Rptr. 638, (1st Dist.1984). Here, in arguing that their claim involves Clodfelter, who was an agent, rather than TOLIC, the insurer, the Littles are effectively attempting to assert another of the “multiple legal theories upon which recovery might be predicated.” Id. However, according to Johnson, such an action is barred even though a different legal ground has been presented for relief, as the Littles have done here.
¶ 11. In the present case, the Littles argue that they are not raising the same issues that were litigated in the Natal case. They argue that Clodfelter was acting as an independent broker for American and that TOLIC was not responsible for the harm caused to them. However, we again note that the notice sent to the Littles stated that if they did not exclude themselves as members of the suit by opting out, they would thereafter be releasing any claims that they had as of that time against TOLIC and its agents, brokers, producers, etc. There is no record that the Littles made any effort to opt out. There is evidence, though, that they and a representative from their attorney’s office called the TOLIC hotline for information on the class action, thereby proving that they were indeed aware of the action. In their not opting out, though, according to the settlement, they -effectively waived their option to submit any claims later.
CONCLUSION
¶ 12. This appeal shows that apparently the Littles now regret that they did not opt to join the class and object to the settlement that they thought was “minuscule,” and they are now hoping that we will allow them to file suit in Mississippi. However, they have not created a genuine issue of material fact since the evidence shows the Littles neglected to exercise their rights to relief in the California action.
¶ 13. The appellants have tried to prove that res judicata serves as an excuse for the Mississippi courts not to preclude their suit based on full faith and credit. However, as stated herein, the parties were the same and the issues were the same. Thus, the circuit court was correct in finding summary judgment was appropriate due to application of the Full Faith and Credit Clause to the California action. We must give full faith and credit to the California ruling and deny the Littles their opportunity to bring this case in Mississippi.
¶ 14. We also note that the American Council of Life Insurers filed an amicus brief in support of the appellee arguing that if we reverse on this case, agents and brokers would be faced with the need to acquire insurance coverage themselves to protect against the possibly enormous fu *181 ture liabilities that would flow from a class-action judgment. Additionally, ACLI submits that to reverse the lower court would eliminate the principles of full faith and credit, res judicata, and comity in class action lawsuits, not to mention public policy. We note, however, that this case only concerns an issue of summary judgment and the notice and opportunity given to the Littles to respond to the lawsuit. We therefore refrain from exploring any further the matter of whether or not insurance agents should acquire their own insurance to protect themselves from liability stemming from misrepresentations they may be alleged to have made.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, and MYERS, JJ., concur. CHANDLER, J., concurs in result only.

. The California class action case was styled Natal et al v. Transamerica Occidental Life Insurance Company et al., Case No. 694829 (Superior Court, County of San Diego, California, July 28, 1997).