**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WES JOHNSON, AKA W. W. Johnson, AKA Wes W. Johnson, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JPMORGAN CHASE & CO., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, <br><br> Defendant-Appellee. | No.   16-55161 <br><br> D.C. No. 2:15-cv-01338-JAK-AS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 7, 2017**
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\***     The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

Wes W. Johnson (Johnson) appeals from the district court's denial of his Fed. R. Civ. P. 59(e) motion and dismissal of Johnson's complaint as barred by both the statute of limitations and res judicata. The instant appeal follows a series of lawsuits in which Johnson alleged that JPMorgan Chase Bank, N.A. (Chase) wrongfully foreclosed on Johnson's property after Johnson attempted to rescind the loan on the property pursuant to the Truth in Lending Act (TILA). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court correctly held that the statute of limitations barred Johnson's quiet title claim. As the district court held, the limitations period began to run in 2009 when Chase attempted to foreclose on the property and filed an unlawful detainer action against Johnson, and it continued running. No authority supports Johnson's contention that the statute of limitations stopped running when the unlawful detainer action was dismissed with prejudice. Instead, it is clear that "[t]he 'possession' required to toll the statute of limitations must be 'exclusive and undisputed.'" *Ankoanda v. Walker-Smith*, 52 Cal. Rptr. 2d 39, 43 (Ct. App. 1996). Not only did Johnson's possession become disputed when Chase filed the unlawful detainer action, but it remained so, as demonstrated by the three separate lawsuits Johnson filed to establish his right to possession. The record demonstrates that the parties have engaged in one on-going dispute since 2009, and Johnson has

2

consistently incurred "the expense and inconvenience of litigation" in attempting to quiet title. *Muktarian v. Barmby*, 407 P.2d 659, 661 (Cal. 1965). Accordingly, Johnson's possession has consistently remained disputed since 2009, and there is no basis on which to toll the statute of limitations.

2. The district court correctly held that res judicata barred Johnson's quiet title action based on his 2009 state court action. Johnson focuses on the district court's decision that the claim raised in the instant action is identical to one litigated in that prior proceeding. Under California's "primary rights" theory, "the question of whether a cause of action is identical . . . depends not on the legal theory or label used, but on the 'primary right' sought to be protected in the two actions." *Johnson v. Am. Airlines, Inc.*, 203 Cal. Rptr. 638, 640 (Ct. App. 1984). An alleged "invasion of one primary right gives rise to a single cause of action." *Id.*

Johnson's attempt to distinguish the primary right at issue in the instant action and the 2009 action is entirely unpersuasive. Both actions focused on the same primary right—Johnson's right to ownership of the property—and the same alleged harm to that right—Chase's purportedly wrongful foreclosure based on an invalid Deed of Trust. The district court correctly held that res judicata barred Johnson's action.

**AFFIRMED.**

3