99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John MARSHAK, Plaintiff-Appellant,
v.
SIERRA VISTA UNIFIED SCHOOLS, a political subdivision of the
State of Arizona; Jon Lokensgard, in his individual
capacity and as superintendent of the Sierra Unified
Schools; Claude Sanders, in his individual capacity and as
assistant superintendent of the Sierra Unified Schools,
Defendants-Appellees.
 No. 95-15795.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Sept. 30, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Marshak appeals from the district court's summary judgment for Sierra Vista Unified Schools (District). The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 Marshak argues that the district court erroneously entered summary judgment on his Title VII claims for wrongful termination, wrongful demotion, and wrongful retaliation. Marshak does not challenge the district court's dismissal of individual defendants Lokensgard and Sanders, who cannot be sued under Title VII. Miller v. Maxwell's International Inc., 991 F.2d 583, 587-88 (9th Cir.1993) (Title VII claim may be brought only against employer, not against individual employees), cert. denied, 510 U.S. 1109 (1994).
 
 
 5
 We review a summary judgment de novo. First Pacific Bank v. Gilleran, 40 F.3d 1023, 1024 (9th Cir.1994), cert. denied, 116 S.Ct. 55 (1995). This review requires us to determine (1) whether there is a genuine issue of material fact when the evidence is viewed in the light most favorable to the nonmoving party, and (2) whether the district court correctly applied the law. Id.
 
 
 6
 To survive a summary judgment motion, a plaintiff asserting a claim under Title VII must first establish a prima facie case of discrimination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). The employer is then obligated to articulate a legitimate, nondiscriminatory reason for the action taken against the employee. Id. Finally, the employee must demonstrate through "specific, substantial evidence" that the employer's proffered reason was pretextual and that the real reason for the employer's decision was intentional discrimination. Id. at 890.
 
 
 7
 * First, Marshak argues that the district court erroneously entered summary judgment on his wrongful-termination claim. He asserts that the District's nonrenewal of his elementary school principal contract amounted to a wrongful termination.
 
 
 8
 We assume without deciding that the District's nonrenewal amounted to a termination and that Marshak established a prima facie case of wrongful termination. See Washington v. Garrett, 10 F.3d 1421, 1433-34 (9th Cir.1994) (prima facie case requires plaintiff to show (1) membership in a protected class, (2) that he was qualified for the job, (3) an employment decision, and (4) that the position was given to a nonprotected class applicant with equal or inferior qualifications).
 
 
 9
 Even assuming that Marshak established a prima facie case, the District proffered a legitimate, nondiscriminatory basis for refusing to renew Marshak's contract. At the time he was hired, the previous elementary school principal had taken a leave of absence. When the previous principal returned, the District opted not to renew Marshak's contract. As the district court explained, the returning principal's seniority over Marshak serves as a legitimate, nondiscriminatory reason for the District's decision. The record reflects no evidence from which a rational jury could infer that the District's reason for discharging Marshak was pretextual or not credible. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment"); Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (stray remarks or isolated comments unsupported by other evidence of discriminatory motivation will not create a triable issue).
 
 
 10
 Marshak argues that once his elementary school contract was not renewed, he should have been offered another administrative position in the District. However, the District offered an additional, legitimate, nondiscriminatory reason for refusing to offer Marshak an alternate position. At the time Marshak's elementary school contract expired, the only administrator less senior than he worked at Buena Vista High School. However, given Marshak's evaluations at Buena Vista, the Governing Board was unwilling to place Marshak there. Marshak has failed to present evidence suggesting that this rationale was pretextual.
 
 II
 
 11
 Second, Marshak argues that religious discrimination was the true motivation for his demotion from high school principal to elementary school principal. The "jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994) (internal quotation omitted). If an incident of discrimination was not included in an EEOC charge, we may still consider it if the new claims are like or reasonably related to the allegations in the EEOC charge. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1475-76 (9th Cir.1989) (internal quotations omitted). To determine whether an allegation under Title VII is like or reasonably related to those in a previous EEOC charge, we ask whether "the original EEOC investigation would have encompassed the additional charges." Id. at 1476.
 
 
 12
 Marshak failed to include his wrongful-demotion claim in the charge of discrimination he filed with the EEOC. Marshak's charge states that the earliest date on which discrimination took place was July 1, 1991. It was nearly three months earlier, on April 8, that the District notified Marshak that it would not renew his high school principal contract. Construing Marshak's charge liberally, id., we conclude that it is reasonably likely that the EEOC's investigation would have uncovered Marshak's prior position as high school principal and that the investigation would have covered his demotion. We therefore assume jurisdiction over Marshak's wrongful-demotion claim.
 
 
 13
 The District argues that even if Marshak's claim was included in its charge, it was time-barred. Title VII provides that claimants must file a charge of discrimination with the EEOC within 180 days of an act of discrimination. 42 U.S.C. § 2000e-5(e). Marshak filed his charge on September 14, 1992, more than a year after he was demoted. However, we have held that "[a]llegations of conduct occurring prior to the 180-day period are actionable if [a claimant] can show that they are part of a 'continuing violation' of [ ] Title VII rights." Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990); see also id. (claimant may establish a continuing violation "by demonstrating a series of related acts against a single individual" (internal quotation omitted)). Thus, if Marshak could establish that discrimination was the reason for his demotion and if he could show that it was one of a series of incidents arising out of the discrimination, his claim would be timely.
 
 
 14
 However, Marshak cannot pass the first hurdle. Presuming that Marshak could establish a prima facie case, the District has proffered a legitimate, nondiscriminatory rationale for demoting him. The District submitted evaluations of Marshak's performance as high school principal that indicate that Marshak was unqualified for the position. Marshak has not submitted sufficient evidence to permit a rational trier of fact to find that the District's explanation for Marshak's demotion is pretextual. See Garrett, 10 F.3d at 1433. The district court therefore properly entered summary judgment on Marshak's wrongful-demotion claim.
 
 III
 
 15
 Finally, Marshak argues that the District refused to hire him because he filed an EEOC charge. To establish a prima facie case of wrongful retaliation, Marshak must demonstrate that (1) he engaged in protected activity, (2) he was thereafter subjected by his employer to adverse employment action, and (3) a causal link exists between the activity and the adverse employment decision. Trent v. Valley Electric Association, 41 F.3d 524, 526 (9th Cir.1994).
 
 
 16
 On September 14, 1992, Marshak filed his charge of discrimination with the EEOC. The alleged instances of retaliation occurred in June and July 1992. To establish a prima facie case, Marshak at least must have presented evidence to the district court indicating that the District actually knew some time before the alleged retaliatory conduct that he would file a charge. Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). Marshak failed to do so. On appeal, he points to a portion of Claude Sanders's deposition and a note from Sanders to Marshak that, Marshak alleges, indicates Sanders's knowledge. However, Sanders's deposition was never presented to the district court.
 
 
 17
 Even assuming that Marshak's proffered evidence establishes a prima facie case, the District presented a legitimate, nonretaliatory reason for not hiring Marshak after they refused to renew his elementary school principal contract. The District stated that it refused to hire Marshak for two assistant high school principal positions because, based on his poor performance at the high school as principal, it would be disruptive to rehire him there. The District did not consider Marshak for the other positions because he was no longer considered an in-District employee and the District had a policy of first looking within the District. Marshak has presented no evidence suggesting that retaliation was the true reason for the District's hiring decisions.
 
 IV
 
 18
 The District requests attorney's fees under 42 U.S.C. § 2000e-5(k). Under this section we may, in our discretion, award attorney's fees to the prevailing party. "[A]n award of attorneys' fees to a prevailing defendant is appropriate only when the plaintiff's claim is frivolous, unreasonable, or without foundation." Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1301 (9th Cir.1981) (citation omitted). Because we do not think Marshak's claim was frivolous, we decline to award attorney's fees to the District.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3