NOT FOR PUBLICATION

FILED

JUN 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| OKSANA BAIUL, an individual, | No.    16-56658 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05163 |
| v. | |
| NBC SPORTS, a division of NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; et al., | AMENDED MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MENDELSON ENTERTAINMENT GROUP, a California limited liability company and DOES, 1 - 9, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Hon. Dean D. Pregerson, District Judge, Presiding

Argued and submitted April 12, 2018
Pasadena, CA

Filed April 27, 2018: Amended June 12, 2018

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BEA and MURGUIA, Circuit Judges, and BASTIAN,[**] District Judge.

Plaintiff-Appellant Oksana Baiul ("Baiul") appeals the judgment of the Central District of California, which granted Defendants' motion to dismiss her claims as barred by *res judicata*.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Baiul's motion to remand.  Baiul argues that remand was required because one defendant—On Ice, Inc. ("OII")—did not consent to the removal by Defendant NBCUniversal Media, LLC ("NBC").  The defendant unanimity rule in 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  Here, Baiul did not serve OII until after NBC had already removed the case on the basis of diversity jurisdiction.  Thus, at the time of removal, all defendants who had been "properly joined *and served*"—*i.e.*, NBC only—"join[ed] in or consent[ed] to the removal of the action," which is all that § 1446(b)(2)(A) requires.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (noting that the unanimity "rule applies, however, only to defendants properly joined and served in the action") (citing *Salveson v. W. States*

**      The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

*Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.")); *see also Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("[O]nce a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion."). Because there was no defect in the removal under § 1446, there was no basis for the district court to remand under 28 U.S.C. § 1447.

2. The district court did not err in dismissing Baiul's action based on *res judicata*. First, Baiul argues that the district court lacked authority to construe NBC's motion for judgment on the pleadings ("MJP") under Rule 12(c) of the Federal Rules of Civil Procedure as a motion to dismiss under Rule 12(b)(6). But this court has noted that the two motions are "functionally identical." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." (internal quotation marks and citation omitted)); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (construing a motion to dismiss as a motion for judgment on the pleadings). Furthermore, construing the MJP as a motion to dismiss did not result in a violation of Rule 12(g)(2). Fed. R. Civ. P. 12(g)(2) (prohibiting second-in-time

motions to dismiss that raise "a defense or objection that was available to the party but omitted from its earlier motion.").  The New York action was dismissed with prejudice *after* NBC had filed its first motion to dismiss the instant action, and therefore the *res judicata* defense was not "available" to NBC at that time.

Second, Baiul argues that the district court erred in applying the federal preclusion analysis to determine the preclusive effect of the New York judgment. This court has held that "California's law of res judicata dictates what preclusive effect is to be accorded to the prior judgment against appellant," but "California law . . . determines the res judicata effect of a prior federal court judgment by applying federal standards." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Since *Costantini* was decided, California courts have stated that this is true at least where, as here, the rendering federal court sat in federal-question jurisdiction.  *See, e.g., Louie v. BFS Retail & Commercial Operations, LLC*, 101 Cal. Rptr. 3d 441, 448 (Cal. Ct. App. 2009) ("[W]here a prior federal judgment was based on *federal question* jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law." (emphasis in original)); *Butcher v. Truck Ins. Exch.*, 92 Cal. Rptr. 2d 521, 528 (Cal. Ct. App. 2000) ("California follows the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction.").  *Costantini* is this court's only

citable precedent on point. Therefore, the district court did not err in applying the federal preclusion analysis.

Finally, the district court correctly held that the instant action was barred by the judgment in the New York action. "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Baiul has not disputed, in her Opening Brief or in her opposition filed with the district court, that there was an identity of claims or identity between the parties. Accordingly, Baiul waived both issues. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000).

Baiul argues that the Southern District of New York's dismissal of the New York action with prejudice was not a final judgment on the merits because (1) an appeal was pending and (2) the dismissal was based on a foreign limitations period, rather than the merits.[1] Neither argument is persuasive. First, "[i]n federal

---

[1] In her opening brief, Baiul also argues that the New York judgment was not "final" as to the non-NBC Defendants because the dismissal of the New York action was "with prejudice" only as to NBC. However, Baiul failed to develop this argument in her opposition to NBC's MJP which the other Defendants joined. Because the district court did not have an opportunity to address this argument, it is waived. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000); *see also United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (holding argument "not coherently developed" in the party's brief "to have been abandoned").

courts, a district court judgment is 'final' for purposes of res judicata," and "[t]his is so even during the pendency of an appeal." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006). Second, the Southern District of New York held that each of Baiul's claims were (1) preempted by the Copyright Act, and (2) insufficient to "state a plausible claim," as well as (3) time-barred. Thus, the Southern District of New York judgment was "on the merits" twice over. The district court correctly held that Baiul's instant claims are precluded.

**AFFIRMED.**